# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ATIS HOLDINGS, LLC,

        Plaintiff,

v.                                                                  Case No:   6:21-cv-546-RBD-LHP

CENTURY SURETY COMPANY,

        Defendant

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause comes before the Court *sua sponte*. Plaintiff Atis Holdings, LLC ("Plaintiff") commenced this action in state court, and Defendant removed the matter to this Court on March 25, 2021. Doc. Nos. 1, 1-2. *See also* Doc. No. 9. On April 14, 2021, Plaintiff filed an amended complaint, which is its operative pleading. Doc. No. 14.

The case was thereafter stayed during a claims adjustment period, from May 7, 2021 through April 1, 2022. Doc. Nos. 22, 24, 34. During that period and after, each of Plaintiff's attorneys have withdrawn from the case. Doc. Nos. 27–28, 29–30, 48–49. In granting the withdrawal of the last of Plaintiff's counsel on August 23, 2022, the undersigned noted that as a limited liability company, Plaintiff may

not proceed *pro se*.   Doc. No. 49, at 2.   *See also* Local Rule 2.02(b)(2) ("A party, other than a natural person, can appear through the lawyer only.").   Therefore, the undersigned permitted Plaintiff thirty (30) days to retain new counsel on its behalf. Doc. No. 49, at 2.   The undersigned further warned Plaintiff that failure to retain new counsel may result in the dismissal of this matter for failure to prosecute.   *Id.* The docket reflects that a copy of the undersigned's August 23, 2022 Order was mailed to Plaintiff.

The thirty (30) day deadline elapsed without the appearance of counsel on Plaintiff's behalf.   Accordingly, the undersigned issued an Order to Show Cause directing Plaintiff to show cause by October 24, 2022 why sanctions should not be imposed, including a recommendation that the case be dismissed for failure to prosecute.   Doc. No. 53.   The undersigned further ordered Plaintiff to cause counsel to appear on its behalf by the same deadline.   *Id.* at 2.   The docket reflects that a copy of the Order to Show Cause was mailed to Plaintiff.

The October 24, 2022 deadline has now elapsed, and Plaintiff has not responded to the Order to Show Cause, nor has counsel appeared on Plaintiff's behalf.   Based on the foregoing, and given Plaintiff's failure to comply with the undersigned's Orders and failure to have counsel appear on its behalf, the undersigned respectfully **RECOMMENDS** that the Court **DISMISS** this case

without prejudice for failure to prosecute, and thereafter direct the Clerk of Court to close the file.[1]   *See* Local Rule 3.10.   *See also* Fed. R. Civ. P. 16(f)(1)(C).

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

Recommended in Orlando, Florida on October 28, 2022.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[1] The undersigned further notes that the parties have also failed to comply with the Court's directive to select a mediator by October 7, 2022.   Doc. No. 52.